UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN JOSEPH BATTICE,

        Plaintiff,                            Case No. 1:12-CV-1389

v.                                        HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
        _____/

**OPINION AND ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a social security review action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the final decision of the Commissioner of Social Security. The matter is presently before the Court on Plaintiff's objections to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court overrules the objections and issues this Memorandum Opinion and Order.

"[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Although Plaintiff "incorporates the Arguments in his initial Brief and Reply Brief by reference and adds to them as follows below" (Pl.'s Obj., Dkt. No. 20 at 2), he only specifies two issues clearly "enough to enable [the Court] to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. First, he argues that the Magistrate Judge erred in his evaluation of "an improper weighing of the medical evidence in this case." (Pl.'s Obj., Dkt. No. 20 at 2.) Second, he argues that the Magistrate Judge erred in "his dismissal of the argument by Plaintiff that the ALJ had made improper findings regarding credibility." (*Id.*) For the reasons that follow, the Court holds these objections to be without merit.

Plaintiff first argues that the Sixth Circuit "specifically prohibits giving great weight to evidence from a consulting or from a non-examining physician when a treating physician has given an opinion." (*Id.* at 2–3 (citing *Gayheart v. Comm'r of Soc. Security*, 710 F.3d 365, 375–76 (6th Cir. 2013).) *Gayheart* gives an overview of the process an Administrative Law Judge (ALJ) is to take when evaluating medical opinion testimony. First, it describes the general hierarchy of weight given to different sources of medical testimony: the testimony of a treating physician is generally given more weight than that of an examining physician, and the testimony of an examining physician is given more weight than that of a non-examining physician. *Gayheart*, 710 F.3d at 375.

"Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Id.* (citing 20 C.F.R. § 404.1527(c)(2)). However, "opinions from nontreating and nonexamining sources are never assessed for 'controlling weight.' The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization,

consistency, and supportability, but only if a treating-source opinion is not deemed controlling." *Id.* at 376. *Gayheart* does not, therefore, stand for the proposition for which Plaintiff cites it.

Based on his misreading of *Gayheart*, Plaintiff argues that the Magistrate Judge erred in his conclusion that the ALJ's weighing of the medical opinions of Drs. Kennedy, Hyatt, and Montes was consistent with applicable law. (Pl.'s Obj., Dkt. No. 20 at 3; R&R, Dkt. No. 19 at 9.) Plaintiff's assertion that both "the Magistrate [Judge] and the ALJ have committed reversible error on this point" is without merit, and his objection is therefore overruled.

Plaintiff next argues that another significant error in the Magistrate[ Judge's] report is his dismissal of the argument by Plaintiff that the ALJ had made improper findings regarding credibility." (Pl.'s Obj., Dkt. No. 20 at 3.) Plaintiff argues that he cited *Stennett v. Comm'r of Soc. Sec.*, 476 F. Supp. 2d 665 (E.D. Mich 2007), "for the clear proposition that an ALJ may not discount claimant's subjective complaints based on failure to seek treatment without first considering whether the failure results from an inability to afford treatment." (Pl.'s Obj., Dkt. No. 20 at 3–4.) Plaintiff argues that the ALJ failed to consider his testimony that he could not afford treatment, and instead used the fact that he had not taken prescription medication for his heart and back problems to conclude that his pain was not as serious as Plaintiff subjectively reported. (*Id.* at 4.)

In the relevant part, discussing the course of treatment the plaintiff in *Stennett* sought, the court stated:

> In August of 2003, after the second surgery, the Plaintiff started a home exercise program. That same month, treatment notes indicate that Plaintiff was not attending physical therapy "secondary to cost," not because he had improved. Home exercise is free; physical therapy is not. SSR 96–7p, at 7–8, specifically cautions that "[T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits

3

> or failure to seek medical treatment," and goes on to state that "the individual may be unable to afford treatment and may not have access to free or low-cost medical services." Again, the ALJ failed to consider the record as a whole in ascribing Plaintiff's failure to attend physical therapy to an improvement in his condition.

*Stennett*, 476 F. Supp. 2d at 673. Here, the Magistrate Judge concluded that *Stennett* is not binding on this Court and that its holdings are not persuasive because the facts are distinguishable. (R&R, Dkt. No. 19 at 12 n. 7.) Plaintiff argues that this conclusion discounts Plaintiff's testimony that he did not seek treatment primarily for financial reasons. (Pl.'s Obj., Dkt. No. 20 at 4.) Even if *Stennett* were persuasive, the Magistrate Judge correctly concluded that the ALJ relied on medical testimony that Plaintiff had not followed the prescribed course of treatment, even when he was given medication and had it in his possession, unopened. (R&R, Dkt. No. 19 at 12; A. R., Dkt. No. 8-4 at 74, 133.) This undermines Plaintiff's assertion that he failed to follow the prescribed course of treatment purely for financial reasons, and his objection to the credibility determination on this ground is therefore without merit.

Finally, Plaintiff argues "the Magistrate [Judge] upheld the ALJ's other dubious credibility findings" regarding Plaintiff's search for employment and application for unemployment benefits. (Pl.'s Obj., Dkt. No. 20 at 4.) Plaintiff states, "for the Magistrate [Judge] to conclude, as did the ALJ, that an application for unemployment benefits by a person who applies for Social Security Benefits is proof of dishonesty when Social Security's own regulations allow applicants to try to find work is simply wrong." (*Id.* at 4–5.) Plaintiff does not make clear to which regulations he refers. Neither does he address the fact that the ALJ made his credibility determination, in part, on the fact that Plaintiff asserted in his unemployment application that he was presently able to work. (A.R., Dkt. No. 7-2 at 21.) Plaintiff's objection therefore is without merit.

Having conducted de novo review, this Court is convinced that both the Magistrate Judge

4

and the ALJ correctly applied the appropriate legal standards, and that the final decision of the Commissioner should be affirmed.

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58.

**IT IS HEREBY ORDERED** that the Plaintiff's Objections (Dkt. No. 20) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's February 25, 2014, R&R (Dkt. No. 19) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED**.


Dated: March 31, 2014    /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE